IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHARON ZUCKERMAN,

        Plaintiff,

vs.                                             CIVIL NO. 98-1180 BB/LFG

RON GARCIA et al.,

        Defendants.

# MEMORANDUM OPINION AND ORDER
# DENYING MOTION FOR EXTENSION
# OF TIME AND FOR OTHER ACCOMMODATIONS

THIS MATTER is before the Court on Plaintiff Sharon Zuckerman's ("Zuckerman") Motion for Extension of Time and For Other Accommodations [Doc. 20]. Zuckerman requests that the Court grant her unlimited thirty days extensions of time beyond each and every deadline imposed on a litigant. Zuckerman contends that she requires additional time because she is representing herself and because she suffers from "multiple chemical sensitivity," and, as a result, may need additional time to adequately represent herself.

The motion is denied. Pro se status alone does not entitle a litigant to any special advantage or unfair advantage over one's opponent. Moreover, Zuckerman does not contend that, at present, she is unable to meet any specific deadline due to her illness, but, nonetheless, seeks to have an automatic extension of time of each and every deadline imposed upon her by the rules of civil procedure, court orders or directives. A request for such broad relief without a more specific showing of need is unreasonable and not in accord with provisions of the Civil Justice Reform Act of 1990, Pub. L. 101-650, 28 U.S.C. § 471 *et seq.* ("CJRA").

The CJRA was intended in part to expedite the ultimate disposition of cases, minimize delay, and reduce the costs of litigation caused by delay. Pretrial deadlines are intended to expedite the disposition of cases and lessen the financial burdens on the parties. The CJRA's legislative history states in part:

> The purpose of this legislation is to promote for all citizens--rich or poor, individuals or corporation, plaintiff or defendant--the just, speedy, and inexpensive resolution of civil disputes in our nation's federal courts.

Pub. L. 101-650, 1990 U.S. Code Congressional and Administrative News, p. 6804.

The CJRA is addressed to alleviate the dual problems of cost and delay in federal litigation. Judicial case management and strict enforcement of pretrial deadlines is included in this legislation as an important step in eliminating delay, Hoffmann-LaRoche, Inc. v. Sperling, 493 U.S. 165, 110 S. Ct. 482 (1989). Indeed, studies by the Federal Judicial Center indicate that courts can handle their case load rapidly only if they take the initiative to require lawyers to complete their work in a timely fashion. Federal Judicial Center, Flanders, Case Management and Court Management in the United States Courts, Federal Judicial Center (1977).

A carte blanche extension of every deadline would give Zuckerman an undue and unfair advantage. As a pro se litigant, Zuckerman is required to adhere to the same standards of practice that are applicable to licensed attorneys. Yet, without indicating any particular reason for any particular delay, Zuckerman requests that far more time to act be afforded her without the need to show that any particular deadline cannot be met due to a particular problem.

If Zuckerman has a particular request for an extension and can demonstrate good cause for the request, she is free to present the particular request to the Court. The Court declines, however,

to give a carte blanche extension without any showing of its necessity. Thus, the Court denies Zuckerman's broad request for extension.

Zuckerman also requests that the Court grant her particular accommodations while this lawsuit is in progress. Her requests are broad and sweeping and include, among other things: (1) not permitting the use of synthetic fragrances in our around the courtroom, including deodorants, colognes, hair sprays, perfumes, air fresheners, chemical cleaners, disinfectants, scented soaps, scented tissue or other odoriferous chemicals; (2) removing carpet from the courtroom, and, presumably, from the court's ADR rooms, chambers and common areas; (3) modifying court facilities to change venting systems so as to ensure that all photocopiers are vented to the outside; (4) modifying "electro-magnetic fields" for office computers; (5) removing existing furniture and furnishings and substituting "low emission furniture made out of wood, glass or other products that are older and have been aired out;" (6) prohibiting use of any non-organic cleaning product; (7) banning the use of any chemicals, solvents, paints, adhesives, pesticides, or other chemicals at the court facility and not permitting their use without giving prior advance notice to chemically sensitive individuals, including personal notice and public notice via newspapers; (8) preventing individuals who wear perfume, hair spray, colognes or other fragrances from using certain bathrooms that should remain fragrance free for use of chemically sensitive individuals; (10) not allowing any courtroom hearings within three weeks of any cleaning of the court facility with the use of any non-organic cleansers; (11) if there has been an application of paints, primers, adhesives, installation of carpet, tile or remodeling on the interior or exterior of the court facility, not permitting hearings, court appearances or trials for a period of five weeks from any such work; (12) preventing court officers, attorneys, jurors, witnesses, court personnel and members of the public from wearing any perfumes,

colognes, deodorants, hair spray, gels, talcs or other fragrant items in or around the court facility.

Zuckerman failed to mention that her requested relief was previously denied by the federal court in another case. Zuckerman v. Strong Funds Distr, CIV 95-737 SC/LCS. In Zuckerman's prior lawsuit, she was advised that the ADA is not applicable to federal government. 42 U.S.C. §§ 12111(2) and 12111(b)(B)(l). When a party is aware of legal authority that is contrary to the argument being advanced, the party is required to disclose the contrary authority. United States v. Collins, 920 F.2d 619 (10th Cir. 1990). It was improper for Zuckerman to remain silent on the issue of legal authority when she was aware that the ADA was not applicable to federal court proceedings.

Granting Zuckerman's requests would significantly interfere with the Court's ability to effectively, efficiently and economically manage its own docket. Moreover, granting the broad relief sought would significantly interfere with rights of the public, other litigants, court personnel and officers utilizing the public facilities of the United States District Court. Zuckerman's requests are far too broad and will be denied. Zuckerman, however, is free to request a specific accommodation for a particular reason, and the Court will be pleased to consider the request, and in the broad exercise of its discreti on, to authorize it if appropriate.

/s/ Lorenzo F. Garcia
Lorenzo F. Garcia
United States Magistrate Judge

PLAINTIFF:
Sharon Zuckerman, pro se

COUNSEL FOR DEFENDANTS:
Samuel Herrera, Esq.
Karen Aubrey, Esq.
Richard M. Leverick, Esq.